# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:23-mj-00733-NJK |
| Plaintiff, | **Order** |
| v. | [Docket No. 45] |
| RODRIGO VALDOVINOS-HERNANDEZ, | |
| Defendant. | |

Pending before the Court is Defendant's motion to deny BOP's request for additional time. Docket No. 45. The Government filed a response. Docket No. 47. Defendant filed a reply. Docket No. 49. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

**I.    BACKGROUND**

On April 2, 2024, the Court committed Defendant to the custody of the Attorney General, pursuant to 18 U.S.C. § 4241(d), to determine whether there is a substantial probability that, in the foreseeable future, he will attain the capacity to permit the proceedings to go forward. Docket No. 34 at 1-2. The Court ordered that "Defendant shall be held in a BOP facility for a reasonable period of time, not to exceed four months. Defendant may be hospitalized for an additional reasonable period of time until his mental condition is so improved that trial may proceed, if the Court finds that a substantial probability exists that, within such additional period of time, Defendant will attain the capacity to permit the proceedings to go forward; or the pending charges against Defendant are disposed of according to law – whichever is earlier." Docket No. 34 at 2.

1   On July 24, 2024, Warden Bowers confirmed that Defendant was admitted to the Federal
2   Medical Center in Devens, Massachusetts on July 17, 2024. Docket No. 40. Warden Bowers
3   submitted that "our staff will complete his evaluation by November 14, 2024, and a written report
4   will be submitted to the Court within two weeks of that date." *Id*.

5   **II.    ANALYSIS**

6   The Court's order, Docket No. 34, reflected the first mandatory duty imposed under 18
7   U.S.C. § 4241(d) following an incompetency finding. *See United States v. Donnelly*, 41 F.4th
8   1102, 1105 (9th Cir. 2022). The instant motion focuses on the second, where "[t]he Attorney
9   General shall hospitalize the defendant for treatment in a suitable facility…for such a reasonable
10  period of time, not to exceed four months." *Id*. (quoting 18 U.S.C. § 4241(d)(1)).

11  Defendant asks the Court to order the BOP to complete its restoration assessment and
12  provide its report to the Court no later than November 17, 2024. Docket No. 45 at 2. Defendant
13  submits that the additional time period that Warden Bowers requires to write the report violates
14  the plain language of the statute. Docket No. 45 at 3. The United States submits that the 11-day
15  extension is reasonable. Docket No. 47 at 1.

16  18 U.S.C. § 4241 provides for a reasonable period to complete a competency evaluation,
17  not to exceed four months. *See* 18 U.S.C. § 4241(d)(1); *see also United States v. Quintero*, 995
18  F.3d 1044, 1056 (9th Cir. 2021) ("commitment to the Attorney General for competency evaluation
19  is durationally limited to a 'reasonable period of time, not to exceed four months'"); *see also*
20  *Donnelly*, 41 F.4th at 1108 (9th Cir. 2022) ("But I think Congress plainly imposed four months
21  as the outside limit on the entire period a defendant is committed to the custody of the Attorney
22  General for treatment and evaluation.") (Watford, J., concurring). There is the possibility for an
23  additional reasonable period of time *if* there is a substantial probability that the defendant can be

restored to competence. *United States v. Quintero*, 995 F.3d 1044, 1058 (9th Cir. 2021) (emphasis added).

Relying exclusively on out-of-circuit case law, the United States submits that an 11-day extension is reasonable and that the four-month period in the statute does not include the time needed to file the evaluation with the Court. Docket No. 47 at 1. The United States' position, however, is at odds with the plain language of the statute. The statute does not provide for "two separate periods for evaluation and report preparation." *United States v. Rojas*, No. 3:21-cr-00020-MMD-CSD, 2023 WL 5428665, at *3 (D. Nev. Aug. 23, 2023). Having extra time to "write a report is nice for the person writing the report, but that extra duration of commitment does not bear a reasonable relationship to determining whether a criminal defendant found incompetent can be restored to competency—the purpose of Section 4241(d)(1)." *Id*. Additionally, the United States does not provide any explanation for why an extension of 11 days is necessary to complete the report.[1]

Accordingly, the Court **GRANTS** Defendant's motion to deny BOP's request for additional time. Docket No. 45. It is hereby **ORDERED** that the BOP must submit its written report by November 17, 2024. The Clerk of Court is **INSTRUCTED** to serve this order, via United States Mail, to Warden Bowers, at the address listed on Docket No. 40.

IT IS SO ORDERED.

DATED: November 6, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Further, there is a status hearing set for November 22, 2024, Docket No. 46, which necessitates the completion and submission of the report in advance of that date.

3